NEW YORK BELTING & PACKING CO. *v.* NEW JERSEY CAR-SPRING & RUBBER CO.

*(Circuit Court, S. D. New York. April 13, 1887.)*

1. PATENTS FOR INVENTIONS—NOVELTY—DESIGN—RUBBER MATS.

It is not novelty which will sustain a design patent to transfer to rubber, or to a rubber mat, an effect or impression to the eye which has been produced upon other materials or articles by contrast or variation of light and shade.

2. SAME.

Where such a patent is merely an attempt to secure to the patentee a monopoly of all ornamentation upon rubber mats, by which variations of light and shade are produced by a series of ridges and depressions, without regard to any particular arrangement or characteristics of the lines, except that they are to be parallel, the patent is invalid.

In Equity. On demurrer to bill for infringement of letters patent.

*W. H. L. Lee*, for complainant.

*Arthur v. Briesen*, for defendant.

WALLACE, J. It is insisted by demurrer to the bill that the patent sued upon is invalid upon its face for want of novelty. In determining the question, the court can only consider such familiar facts as fall within the category of those things of which judicial notice will be taken. The patent is for a "design for a rubber mat." The patentee states in the description that, "in accordance with the design, the mat gives, under the light, different effects, according to the relative position of the person looking at it. If the person changes his position continuously, the effects are kaleidoscopic in character. In some cases *moire* effects like those of *moire* or watered silk, but generally mosaic effects, are produced. Stereoscopic effects also, or the appearance of a solid body or geometric figure, may at times be given to the mat, and, under proper conditions, an appearance of a depression may be presented. The design consists in parallel lines of corrugations, depressions, or ridges, arranged to produce the effects as above indicated. I may divide the mat by a number of imaginary lines, representing a projection of any geometrical figure, and in each of the sections so formed make parallel corrugations or alternate ridges and elevations, the different sets of corrugations making with each other the proper angle to give the effects sought for. To give the *moire* effects, I usually make the ridges and depressions undulating, while main-

taining the parallel position with relation to each other. I desire, therefore, to have it understood that I do not intend to limit the design to parallel corrugations, which are straight throughout any considerable portion of their length, but that it includes the undulating ridges and depressions, or other disposition or formation in which the corrugations alter their direction irregularly, or in which they may be straight for a certain distance, and then formed in undulations, and that it includes the corrugations arranged in concentric circles, in spirals, in zigzags, or according to any desired figure."

The claims are as follows:

"(1) A design for a rubber mat, consisting of corrugations, depressions, or ridges, in parallel lines, combined or arranged relatively, substantially as described, to produce variegated, kaleidoscopic, *moire*, stereoscopic, or similar effects, substantially as set forth. (2) A design for a rubber mat, consisting of a series of parallel corrugations, depressions, or ridges, the lines of the said corrugations being deflected at one or more points, substantially as set forth. (3) A design for a rubber mat, consisting of a series of parallel corrugations, depressions, or ridges, arranged in sections, the general line of direction of the corrugations in one section making angles with or being deflected to meet those of the corrugations in the contiguous or other sections, substantially as described."

The patent is an attempt to secure to the patentee a monopoly of all ornamentation upon rubber mats by which variations of light and shade are produced by a series of ridges and depressions, without regard to any particular arrangement or characteristics of the lines, except that they are to be parallel. Although there is an illustration in the drawing, and although each claim is for a design "substantially as described," the language of the specification is carefully expressed so as not to restrict the claims to the design shown in the drawing, but so that the first claim shall include every variety which can be produced by the arrangement of corrugations, depressions, or ridges in parallel lines; the second, all obtainable when by the arrangement the corrugations are deflected; and the third, all obtainable when, by the arrangement of corrugations in sections, those of one section make an angle with those in the contiguous or other sections.

It was not new to produce contrasts and variations in light and shade, or stereoscopic effects, by depressions or elevations in the surface of materials. It was old to do this by arranging them in parallel lines as is wood, plaster, and corduroy cloth. It is not novelty which will sustain a design patent to transfer to rubber, or to a rubber mat, an effect or impression to the eye which has been produced upon other materials or articles by contrast or variation of light and shade. The design of this patent is not new, unless it embodies a new impression or effect produced by an arrangement or configuration of lines which introduces new elements of color or form. This is not claimed.

None of the claims can be limited to a design which produces any definite or concrete impression to the eye.

The demurrer is sustained.